BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone:   (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  (619) 756-6978

LEVIN, FISHBEIN, SEDRAN & BERMAN
STEWART WELTMAN, OF COUNSEL (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
sweltman@futtermanhoward.com
Telephone:  (312) 427-3600

[Additional counsel appear on signature page]

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AGUILAR, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SMART BALANCE, INC., a Delaware Corporation and GFA BRANDS, INC., a Delaware Corporation,<br><br>Defendants. | Case No.:  **'12CV1862 L    BGS**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*;<br>2.  VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; and<br>3.  BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Maria Aguilar brings this action on behalf of herself and all others similarly situated against Defendants Smart Balance, Inc. and GFA Brands, Inc. and states:

**NATURE OF ACTION**

1. Defendants manufacture, market, sell and distribute Smart Balance Spreadable Butter, a line of three creamy spreadable butters fortified with plant sterols.[1] Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendants promise that just 100 mg of plant sterols (the amount found in one tablespoon of their Smart Balance Spreadable Butter) provides cholesterol lowering health benefits. On the top and front of each and every Smart Balance Spreadable Butter label, where it cannot be missed by consumers, Defendants prominently state Smart Balance Spreadable Butter contains "100mg Plant Sterols" to "Help Block Cholesterol in the Butter". Defendants make a similar representation on the back of the container, representing that Smart Balance Spreadable Butter includes "100 mg of naturally sourced plant sterols that actually help block the absorption of dietary cholesterol in the butter" (collectively, the "cholesterol benefit" representations). Thus, at or before the point of purchase, each and every consumer of Defendants' Smart Balance Spreadable Butter is exposed to the promise that consumption of Defendants' Smart Balance Spreadable Butter will "actually help block the absorption of the dietary cholesterol in the butter" and this benefit is the result of "100 mg Plant Sterols."

2. Plant sterols can lower a person's LDL cholesterol, which in turn helps reduce the risk of coronary heart disease. Smart Balance Spreadable Butter, however, does not have sufficient levels of plant sterols to block the absorption and thus reduce cholesterol in the body. Several well conducted scientific studies on plant sterols have

---

[1] The products include: (1) Smart Balance Light Butter & Canola Oil Blend; (2) Smart Balance Spreadable Butter & Canola Oil Blend; and (3) Smart Balance Spreadable Butter & Canola and EVOO Blend (collectively, "Smart Balance Spreadable Butter" or "the Products").

2

found that consumers require a minimum of 0.8 grams of plant sterols daily, and preferably 2 grams (almost the entire container of Smart Balance Spreadable Butter), to lower LDL cholesterol levels.

3. Further, Defendants' Smart Balance Spreadable Butter contains 15 mg of cholesterol per serving which is three times more cholesterol per serving than many varieties of other spreads, and is over 15 times more cholesterol per serving than several other varieties of "light" butters, including other Smart Balance butters that contain zero grams of cholesterol.[2] Defendants' cholesterol benefit representations are false, misleading, and reasonably likely to deceive the public.

4. Defendants have employed numerous methods to convey their uniform, deceptive cholesterol benefit representations to consumers including newspapers, advertising inserts, the internet and, importantly, on the Products' packaging and labeling where they cannot be missed by consumers.

5. As a result of Defendants' deceptive cholesterol benefit representations, consumers – including Plaintiff and members of the proposed Class – have purchased Products that do not perform as advertised. Plaintiff and Class members paid a significant price premium for Smart Balance Spreadable Butter over other comparable butters that have zero cholesterol, such as Smart Balance Light Original Buttery Spread and Smart Balance Buttery Spread Original. Smart Balance Spreadable Butter also costs substantially more than Smart Balance Heart Right Light Buttery Spread, which unlike the Products at issue, contains 1.7 grams of plant sterols per serving, an amount sufficient to reduce cholesterol.

6. Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased Smart Balance Spreadable Butter to halt the

---

[2] The Smart Balance butters with no cholesterol include, but are not limited to: Smart Balance Light Original Buttery Spread with Flax, Smart Balance Light Original Buttery Spread, and Smart Balance Buttery Spread Original.

3

dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Products. Based on violations of state unfair competition laws (detailed below) and breach of express warranties, Plaintiff seeks injunctive and monetary relief for consumers who purchased the Products.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendants.

8. This Court has personal jurisdiction over Defendants because Defendants are authorized to conduct and do business in California. Defendants have marketed, promoted, distributed, and sold Smart Balance Spreadable Butter in California and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

**PARTIES**

10. Plaintiff Maria Aguilar resides in El Centro, California. In or around June 2012, Plaintiff Aguilar was exposed to Defendants' cholesterol benefit representations by reading the Smart Balance Light Butter & Canola Oil Blend label. Plaintiff purchased Smart Balance Light Butter & Canola Oil from a Vons in El Centro, California in reliance on the cholesterol benefit representations. She paid approximately $3.00 for the Product. The Smart Balance Light Butter & Canola Oil Blend product Plaintiff purchased and

4

consumed did not provide the cholesterol benefits as represented. As a result, Plaintiff suffered injury in fact and lost money. Had Plaintiff known the truth about Defendants' misrepresentations and omissions, she would not have purchased Smart Balance Light Butter & Canola Oil.

11. Defendant Smart Balance, Inc. ("Smart Balance") is a corporation organized and existing under the laws of the state of Delaware. Smart Balance's headquarters is at 115 West Century Road, Suite 260, Paramus, New Jersey 07652. Smart Balance manufactures, advertises, markets, distributes and sells the Smart Balance Spreadable Butter products throughout the United States, including California.

12. Defendant GFA Brands, Inc. ("GFA") is a corporation organized and existing under the laws of the state of Delaware. GFA's headquarters is at 115 West Century Road, Suite 260, Paramus, New Jersey 07652. GFA is the operating subsidiary of Smart Balance. GFA manufactures, advertises, markets, distributes and sells the Smart Balance Spreadable Butter products throughout the United States, including California.

13. Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

**FACTUAL ALLEGATIONS**

*The Smart Balance Spreadable Butter Products*

14. In May 2012, Defendants launched their newest line of Smart Balance products – Smart Balance Spreadable Butters, touted as a "high quality product" for those "seeking a heart healthier lifestyle."[3] The Smart Balance Spreadable Butters are available

---

[3] *See* Smart Balance Spreadable Butters press release, May 8, 2012, available at http://www.globenewswire.com/newsroom/news.html?d=255125.

5

1  in three varieties: regular, light and extra virgin olive oil.

2  15. Defendants' Smart Balance Spreadable Butter products are sold in virtually every major food, drug, and mass retail outlet in the country. A 7.5 oz container of Smart Balance Spreadable Butter retails for approximately $3.00. The following are screen shots of the Products:

  

16. Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout the United States, including California, that due to plant sterols in the butter, consuming just one tablespoon of Smart Balance Spreadable Butter "Helps Block Cholesterol in the Butter" and "block[s] the absorption of dietary cholesterol in the butter." Defendants' cholesterol benefit representations are false, misleading and deceptive.

17. Efficacy studies demonstrate that in order to experience a reduction in cholesterol a minimum of 0.8 grams, and preferably 2 grams, of plant sterols must be consumed daily.[4]

18. All three Smart Balance Spreadable Butter products contain 1500 mg (1.5 g) of plant sterols per container, or 100 mg or 0.1 g per serving. Thus, a consumer would have to consume almost half a container of Defendants' Smart Balance Spreadable Butter products in one day to realize even the minimum amount of cholesterol reduction benefit

---

[4] Representative clinical studies confirming 0.8 grams to 2.0 grams of plant sterols are necessary to yield cholesterol reducing benefits include: Law, M., *Plant sterol and stanol margarines and health*, 320(7238) BMJ 861-864 (2000) (meta-analysis of 18 controlled clinical trials found that consumption of spreads providing an average of 2 g/day of plant sterols lowered cholesterol); Hendriks, H.F., et al., *Spreads enriched with three different levels of vegetable oil sterols and the degree of cholesterol lowering in normocholesterolaemic and mildly hypercholesterolaemic subjects*, 53(4) Eur J Clin Nutr. 319-27 (1999) (recommending 1.6 g of plant sterols/day).

6

1  and, in order to get the preferred 2.0 grams of plant sterols, a consumer would have to
2  consume almost an entire container of Defendants' Smart Balance Spreadable Butter
3  products daily.

4  19.  Defendants' cholesterol benefit promise is particularly attractive to
5  Defendants' target market of health conscious consumers.  Each and every consumer who
6  purchases Smart Balance Spreadable Butter is exposed to Defendants' deceptive
7  cholesterol benefit representation because it appears prominently, conspicuously, and
8  almost exclusive of any other representations on the front of each box.  The front shot of a
9  representative Smart Balance Spreadable Butter product label appears as follows:



20.  The back side of the container repeats the cholesterol benefit representation:



21.  The cholesterol benefit representation also appears on the top of the Smart

7

Balance Spreadable Butter containers:



*The Impact of Defendants' Wrongful Conduct*

22. Despite the scientific evidence that consumers must consume at least 0.8g to 2.0g of plant sterols on a daily basis to block the absorption of or reduce cholesterol, Defendants continue to make the cholesterol benefit representations even though the Products only have 0.1 gram per serving of plant sterols.

23. Adding to the egregiousness of Defendants' cholesterol benefit representations is that the Products contain 15 mg of cholesterol per serving, which is three times more than the cholesterol levels in many spreads and more than 15 times the amount in many zero cholesterol butters readily available in the marketplace.

24. As the manufacturer and distributor of Smart Balance Spreadable Butter, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn of the effects - and have learned of the effects - their Products have on consumers.

25. Specifically, Defendants knew or should have known, but failed to disclose that Smart Balance Spreadable Butter is a premium priced butter that contains significantly more cholesterol per serving than other spreads and the plant sterols in the Products neither block the absorption, nor reduce cholesterol levels.

26. Plaintiff and Class members have been and will continue to be deceived or

8

misled by Defendants' cholesterol benefit representations. Plaintiff purchased and consumed the Product and in doing so, read and considered the Product label and based her decision to buy the Product on the cholesterol benefit representations. Defendants' cholesterol benefit representations and omissions were a material factor in influencing Plaintiff's decision to purchase and consume the Product. Plaintiff would not have purchased the Product had she known that Defendants' cholesterol benefit representations were false and misleading and that Defendants did not possess competent and reliable scientific evidence to support their cholesterol benefit representations.

27. As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendants' representations, helped block the absorption of and reduce cholesterol, when, in fact, they do not.

28. Defendants, by contrast, reaped enormous profits from their false marketing and sale of these products.

## CLASS DEFINITION AND ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of California state laws and/or similar laws in other states:

> **Multi-State Class Action**
> All consumers who purchased Smart Balance Light Butter & Canola Oil Blend, Smart Balance Spreadable Butter & Canola Oil Blend and/or Smart Balance Spreadable Butter & Canola and EVOO Blend until the date notice is disseminated.
>
> Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Smart Balance Light Butter & Canola Oil Blend, Smart Balance Spreadable Butter & Canola Oil Blend and/or Smart Balance Spreadable Butter & Canola and EVOO Blend for the purpose of resale.

9

30. In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **California-Only Class Action**
> All California consumers who purchased Smart Balance Light Butter & Canola Oil Blend, Smart Balance Spreadable Butter & Canola Oil Blend and/or Smart Balance Spreadable Butter & Canola and EVOO Blend until the date notice is disseminated.
>
> Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Smart Balance Light Butter & Canola Oil Blend, Smart Balance Spreadable Butter & Canola Oil Blend and/or Smart Balance Spreadable Butter & Canola and EVOO Blend for the purpose of resale.

31. *Numerosity*. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of Smart Balance Spreadable Butter who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

32. ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b) whether Defendants' alleged conduct violates public policy;

(c) whether the alleged conduct constitutes violations of the laws asserted;

(d) whether Defendants engaged in false or misleading advertising;

(e) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f) whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

33. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' cholesterol benefit representations that accompanied each and every container of Smart Balance Butter. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

34. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

35. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

36. The Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

37. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiff and Class members.

38. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
## Violation of Business & Professions Code §17200, *et seq.*

39. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the Class.

41. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased Smart Balance Spreadable Butter in reliance on Defendants' cholesterol benefit representations, but did not receive a Product that provides the promised cholesterol benefits.

42. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL") and similar laws in other states, prohibit any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the cholesterol benefit representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions

12

Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

43. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

44. Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in false advertising, misrepresented and omitted material facts regarding Smart Balance Spreadable Butter, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

45. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq*.

46. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

47. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

48. Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

49. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Defendants' Smart Balance Spreadable Butter products. Plaintiff and the other Class members have suffered injury in fact and lost money as a

result of these unlawful, unfair, and fraudulent practices.

50. As a result of their deception, Defendants have been able to reap unjust revenue and profit.

51. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

52. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
## Violations of the Consumers Legal Remedies Act –
## Civil Code §1750 *et seq.*

53. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the Class.

55. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act") and similar laws in other states. Plaintiff is a "consumer" as defined by California Civil Code §1761(d). Defendants' Smart Balance Spreadable Butter products are "goods" within the meaning of the Act.

56. Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Smart Balance Spreadable Butter:

(5) Representing that [Smart Balance Spreadable Butter has] . . . approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .

\*   \*   \*

14

(7) Representing that [Smart Balance Spreadable Butter is] of a particular standard, quality or grade . . . if [it is] of another.

\*     \*     \*

(9) Advertising goods . . . with intent not to sell them as advertised.

\*     \*     \*

(16) Representing that [Smart Balance Spreadable Butter has] been supplied in accordance with a previous representation when [it has] not.

57. Defendants violated the Act by representing and failing to disclose material facts on the Smart Balance Spreadable Butter labeling and packaging and associated advertising, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

58. Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

59. Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Copies of the letters are attached hereto as Exhibit A.

60. If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

61. Defendants' conduct is fraudulent, wanton and malicious.

62. Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

15

## COUNT III
## Breach of Express Warranty

63. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

64. Plaintiff brings this claim individually and on behalf of the Class.

65. The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

66. At all times, California and other states have codified and adopted the provisions in the Uniform Commercial Code governing the express warranty of merchantability.

67. As discussed above, Defendants expressly warranted on each and every container of Smart Balance Spreadable Butter that the Products "actually help block the absorption of dietary cholesterol in the butter" and this benefit is the result of "100mg Plant Sterols" that "Help Block Cholesterol in the Butter". The cholesterol benefits representations made by Defendants are an affirmation of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendants' representations.

68. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

69. Defendants were provided notice of these issues by, *inter alia*, the instant Complaint.

70. Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that help block the absorption of or reduce cholesterol as represented.

71.     As a result of Defendants' breach of their contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

    A.     Certifying the Class as requested herein;

    B.     Awarding Plaintiff and the proposed Class members damages;

    C.     Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

    D.     Awarding injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them all money they are required to pay;

    E.     Ordering Defendants to engage in a corrective advertising campaign;

    F.     Awarding attorneys' fees and costs; and

    G.     Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: July 27, 2012

                          BONNETT, FAIRBOURN, FRIEDMAN
                                & BALINT, P.C.

                          s/*Patricia N. Syverson*
                          Elaine A. Ryan
                          Patricia N. Syverson
                          Lindsey M. Gomez-Gray
                          2901 N. Central Ave., Suite 1000
                          Phoenix, AZ 85012
                          eryan@bffb.com
                          psyverson@bffb.com
                          lgomez-gray@bffb.com
                          Telephone:  (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone: (619) 756-6978

LEVIN, FISHBEIN, SEDRAN & BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
sweltman@futtermanhoward.com
Telephone: (312) 427-3600

LEVIN, FISHBEIN, SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
hsedran@lfsblaw.com
Telephone: 215-592-1500

Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIA AGUILAR, On Behalf of Herself and All Others Similarly Situated

## DEFENDANTS
SMART BALANCE, INC., a Delaware Corporation and GFA BRANDS, INC., a Delaware Corporation,

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bonnett Fairbourn Friedman & Balint, 2901 N Central Ave, #1000
Phoenix, AZ 85012, 602-274-1100

Attorneys (If Known)
**'12CV1862 L    BGS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil Code §1750; Business and Professions Code §17200

Brief description of cause:
CLRA Violation; Violation of Unfair Competition Law

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/27/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Patricia N. Syverson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____