# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AGUILAR, on behalf of herself, all others similarly situated, and the general public,<br><br>                               Plaintiff,<br><br>   v.<br><br>BOULDER BRANDS, INC., a Delaware corporation (formerly known as Smart Balance, Inc.) and GFA BRANDS, INC., a Delaware corporation,<br><br>                               Defendants. | Case No. 12cv01862 BTM (BGS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

On September 18, 2012, Defendants Boulder Brands, Inc. (formerly Smart Balance, Inc.), and GFA Brands, Inc., filed a motion to dismiss the Plaintiff's First Amended Complaint ("FAC") (ECF No. 8). For the reasons below, Defendants' motion is hereby **DENIED**.

## I. BACKGROUND

On August 28, 2012, Plaintiff Maria Aguilar ("Plaintiff") filed the FAC against Boulder Brands, Inc., and GFA Brands, Inc. ("Defendants"), on behalf of herself and all others similarly situated. Defendants control the production, distribution, and sale of Smart Balance butter products throughout the United States. (FAC ¶¶ 11, 12.)

Plaintiff alleges that in or around June of 2012, she purchased Smart Balance Light Butter & Canola Oil Blend ("Product") for $3.00 from a Vons in El Centro, California, in reliance on the Product's label. (FAC ¶ 10.) The Product's label states that the addition of plant sterols in the spread "Helps Block Cholesterol in the Butter." (FAC ¶ 16.) Plaintiff further alleges that Defendants sell, but she did not purchase, two other products under the same alleged false, misleading, and deceptive representation. (FAC ¶ 16.)

Plant sterols reduce cholesterol levels by occupying cholesterol receptors, thereby preventing cholesterol absorption in the intestine. See Malcolm Law, Plant Sterol and Stanol Margarines and Health, 320 Brit. Med. J. 861 (2000) (cited in FAC ¶ 17, n.4). Plaintiff alleges that "in order to experience a reduction in cholesterol a minimum of 0.8 grams . . . of plant sterols must be consumed daily." (FAC ¶ 17.) Accordingly, Plaintiff alleges that the 0.1 grams of plant sterols found in one serving of Defendants' products, including the Product she purchased, is insufficient to achieve the stated benefit of blocking cholesterol, and thus Defendants knew or should have known that the representations were false, deceptive, and misleading. (FAC ¶¶ 18, 24.)

Plaintiff's FAC asserts the following causes of action: (1) violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), (2) violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"), and (3) breach of express warranty.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51

F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

### III. DISCUSSION

Defendants move to dismiss the Plaintiff's FAC on the grounds that (1) Plaintiff lacks standing to pursue claims based on two of the three products listed in the FAC, (2) Plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), (3) Plaintiff fails to allege any actual misrepresentation, (4) Plaintiff fails to state a claim under the appropriate prongs of the UCL, (5) Plaintiff fails to state a claim under the CLRA, and (6) Plaintiff fails to state a claim for breach of express warranty.

The Court addresses each of these arguments in turn.

A. Standing

To establish standing under the UCL, Plaintiff must show that she has suffered injury in fact and has lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204. Similarly, to establish standing under the CLRA, Plaintiff must claim she was damaged by an alleged unlawful practice. Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 638 (2009). Defendants do not challenge Plaintiff's standing as it pertains to the Product she purchased. Rather, because she was not

1 | injured by two of the three products at issue, Defendants contend that Plaintiff lacks
2 | standing to pursue her claims as they pertain to the un-purchased products.

3 |      Some district courts in the Ninth Circuit take a narrow view regarding the scope
4 | of claims able to be brought by a plaintiff in a class action. See, e.g., Jones v. Bayer
5 | Corp., No. 09CV1935, 2010 WL 476688, at *4 (S.D. Cal. Feb. 9, 2010); Carrea v.
6 | Dreyer's Grand Ice Cream, Inc., No. 10-01044, 2011 WL 159380, at *3 (N.D. Cal. Jan.
7 | 10, 2011). In Johns v. Bayer Corp., the plaintiff filed a class action for injury sustained
8 | from consuming a men's health supplement. Johns, 2010 WL 476688, at * 5. The
9 | court in Johns refused to find standing for claims regarding a health supplement he did
10 | not purchase because he did not allege exposure to a long-term advertising campaign.
11 | Rather, the plaintiff in that case alleged injury based upon a specific misrepresentation
12 | found only on the product he purchased. Id.

13 |      Other courts note that the issue of whether a class representative can bring a
14 | claim on behalf of others who are similarly, but not identically, situated is a matter of
15 | typicality and adequacy of representation, best addressed at class certification pursuant
16 | to Federal Rule of Civil Procedure 23. Bruno v. Quten Research Inst., LLC, 280
17 | F.R.D. 524, 530 (C.D. Cal. 2011). See also Allen v. Similasan Corp., No. 12CV0376,
18 | 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013); Cardenas v. NBTY, Inc., 870 F.
19 | Supp. 2d 984, 992 (E.D. Cal. 2012). The court in Cardenas v. NBTY held that a
20 | plaintiff in a class action had standing to pursue claims against all products that shared
21 | similar ingredients and representations. Cardenas, 870 F.2d at 992. The products at
22 | issue in Cardenas, similar to the Smart Balance products, claimed the same health
23 | benefits resulting from the same ingredients. Id.

24 |      The present case analogizes more closely with the decision in Cardenas.
25 | Plaintiff alleges that her injury resulted from a misrepresentation that is identically
26 | expressed on the labels of each product at issue. Unlike the plaintiff in Johns that
27 | alleged a specific representation on only one product, Plaintiff's FAC notes the impact
28 |

the overall advertising campaign had in causing her injury. Defendants' products advertise the same health benefits arising from the same additional ingredients found on the label in the same position. Plaintiff's ability to represent class members injured by similar products should be analyzed under Rule 23, not on a motion to dismiss. Therefore, the Court **DENIES** Defendants' motion to dismiss for lack of standing.

B. <u>Heightened Pleading Requirements</u>

Defendants argue that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply because Plaintiff's claims "sound in fraud." See <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1104 (9th Cir. 2003). Defendants further argue that Plaintiff has failed to plead her claims with the specificity necessary to comply with Rule 9(b). Thus, the Court must first address whether Plaintiff's claims sound in fraud, and if so, whether Plaintiff has met the heightened pleading requirements of Rule 9(b).

    1. <u>Plaintiff's Claims Sound in Fraud</u>

Under California law, claims "sound in fraud" if they allege misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages. <u>Vess</u>, 317 F.3d at 1105. Where fraud is not an essential element of a UCL or CLRA claim, "a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct . . . . In that event the claim is said to be 'grounded in fraud' or to 'sound in fraud' . . . ." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009).

Plaintiff's three causes of action rely on the following factual allegations: (a) the labeling on the Product misrepresented the Product's benefit; (b) as the manufacturers of the Product, Defendants knew or should have known that the representation was false; (c) Defendants continued to make the representation despite scientific evidence to the contrary; (d) Plaintiff relied on the Product's cholesterol-blocking representation

when making her purchasing decision; and (e) Plaintiff was injured because the Product failed to meet the representation. Plaintiff has alleged a unified course of fraudulent conduct. Therefore, the claims "sound in fraud," and the heightened pleading requirements of Rule 9(b) apply. See Vess, 357 F.3d at 1103.

### 2. Plaintiff Meets Heightened Pleading Requirements

To meet the requirements of Rule 9(b), a claim must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Allegations of fraud must contain the "who, what, when, where, and how of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)) (internal quotations omitted). Defendants argue that Plaintiff has not alleged the facts necessary to comply with the specificity requirements of Rule 9(b). The Court disagrees.

Plaintiff's FAC pleads sufficient factual detail to comply with Rule 9(b). Plaintiff alleges she purchased the Product from a Vons in El Centro in or around June of 2012. Plaintiff alleges that the cholesterol-blocking claim made on the label of the Product misrepresented any benefit gained from the Product. Plaintiff cites scientific studies to support her assertion that the amount of plant sterols in one serving of the Product is insufficient to "Help[] Block Cholesterol in the Butter." In sum, Plaintiff has alleged the who, what, when, where, and how of the misconduct, and has pled sufficient facts to allow the Defendants an adequate opportunity to defend. Therefore, Defendants' motion to dismiss for lack of specificity is **DENIED**.

### C. Misrepresentation

Defendants contend that the factual allegations of the FAC do not establish any

actual misrepresentation. Defendants argue that the FAC mischaracterizes the labeling on the Product as suggesting that the buttery spreads help *reduce* levels of cholesterol in the body, as opposed to merely *blocking* the cholesterol in the butter.

Although Plaintiff frequently uses the phrasing "reduce cholesterol" to describe the alleged misrepresentation (See, e.g., FAC ¶¶ 17, 22, 25), the FAC also alleges that the amount of plant sterols in the butter is insufficient to "block the absorption of . . . cholesterol." (See, e.g., FAC ¶¶ 2, 22, 25.) Plaintiff repeatedly alleges that the amount of plant sterols in one serving of the Product is insufficient to provide the claimed cholesterol-blocking benefit, and cites scientific studies that support her position. Thus, despite the occasional misuse of the phrase "reduce levels of cholesterol," Plaintiff has sufficiently pled that the labeling on the Product contains a misrepresentation.

Finally, although Defendants argue that a reasonable consumer would not interpret the Product's labeling as Plaintiff alleges, the claim presents questions of fact that should not be decided on a motion to dismiss. See Williams v. Gerber Prods. Co., 552 F.3d 934 (9th Cir. 2008) (reversing as improper a district court decision that decided fruit juice packaging was not likely to deceive a reasonable consumer). Accordingly, the Court **DENIES** Defendants' motion to dismiss for lack of actual misrepresentation.

D. UCL Claim

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. Because the law is disjunctive, a separate and distinctive claim can be brought under each prong. Kearns, 567 F.3d at 1127 (citing S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th 861 (1999)). Defendants argue that Plaintiff fails to state a claim under any prong of the UCL. The Court disagrees. At minimum, Plaintiff has stated a claim under the unlawful prong

and fraudulent prong.[1]

### 1. Unlawful Prong

To state a claim under the "unlawful" prong of the UCL, the Plaintiff must allege a violation of another law. The UCL borrows violations from virtually any state, federal, or local law. See Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1168 (9th Cir. 2012); Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). The FAC lists eight violations of both state and federal law without going into specific detail. Defendants complain that Plaintiff's allegations constitute "shotgun" pleading, i.e., that Plaintiff has simply listed a number of statutes without alleging how each one was violated.

Although Plaintiff has not alleged how most of the statutes she cites were violated, the FAC does allege with the required specificity a violation of the CLRA. As discussed below, the Court finds that Plaintiff has successfully pled a violation of the CLRA, Cal. Civil Code § 1770(a)(5). Therefore, Plaintiff has stated a claim under the "unlawful" prong of the UCL, and Defendants' motion to dismiss is **DENIED**.

### 2. Fraudulent Prong

To state a claim under the "fraudulent" prong of the UCL, Plaintiff must allege that members of the public are likely to be deceived. Davis, 691 F.3d at 1169. The conduct is "judged by the effect it would have on a reasonable consumer." Id. (quoting Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (2008))(internal citation and quotation marks omitted). Defendants argue that no false statement was

---

[1] California courts have yet to determine the proper definition of "unfair" as it pertains to UCL claims brought by consumers. Lozano v. AT&T Wireless Servs., 504 F.3d 718, 736 (9th Cir. 2007). One line of decisions requires the court to weigh the defendant's conduct against the harm to the victim, while the other tethers "unfair" to a specific constitutional, statutory, or regulatory provision. Davis, 691 F.3d at 1170. Regardless of the outcome on this prong, Plaintiff has alleged facts necessary to establish a claim under the UCL by satisfying the "unlawful" and "fraudulent" prongs.

made, and that reasonable consumers would not be deceived into believing that consuming the Product would lower blood cholesterol levels.

The Ninth Circuit has noted that, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Davis, 691 F.3d at 1162.[2] Whether Defendants' representations regarding cholesterol-blocking attributes of their Product rise to the level of deceptive practice is a matter best left for a motion for summary judgment. Therefore, Defendants' motion to dismiss for failure to state a claim under the "fraudulent" prong of the UCL is **DENIED**.

E. CLRA Claim

Plaintiff contends that Defendants' actions violate four specific subsections of the CLRA: (5) representing the Product to have characteristics or benefits which it does not have; (7) representing the Product to be of a particular quality or grade when it is not; (9) advertising the Product with the intent not to sell it as advertised, and (16) representing that the Product has been supplied in accordance with a previous representation when it has not. Defendants argue that Plaintiff fails to adequately allege violations of any of these subsections.

The court agrees with Defendants that Plaintiff has not alleged facts that establish a violation of subsections 7, 9, or 16. Defendants' neither represented the product to be of a particular standard or quality (subsection 7), intended to sell a different product (subsection 9), nor affirmed that the product was supplied in accordance with a previous representation (subsection 16). The only relevant issue is the effectiveness of the plant sterols in blocking cholesterol absorption. Plaintiff

---

[2] Although the Ninth Circuit in Davis ultimately affirmed the district court's decision dismissing the UCL claim, the plaintiff in that case was not alleging that an advertisement contained any false statements. Davis, 691 F.3d at 1162 ("As an initial matter, we note that [the plaintiff] does not allege that [the defendant's] advertisement contained any statements that were actually false."). The claim in the present case is distinguishable from Davis because Plaintiff is alleging a false misrepresentation on the label of the Product.

alleges the amount in a single serving is insufficient, while Defendants argue the plant sterols perform as advertised.

However, Plaintiff has alleged facts that support her claim for violation of subsection 5 of the CLRA. Subsection 5 prohibits representing that a product has certain characteristics, uses, and benefits which it does not have. As discussed above, the Court finds that Plaintiff has adequately pled a misrepresentation of the Product, namely that the amount of plant sterols in a single serving are insufficient to provide the benefit of blocking the cholesterol in the butter. Thus, Defendants' motion to dismiss Plaintiff's CLRA claim is **DENIED**.

F. Breach of Express Warranty

Defendants argue that Plaintiff's claim for breach of express warranty should be dismissed because the Product never claimed to lower cholesterol, Plaintiff failed to allege facts necessary to prove breach of an express warranty, and Plaintiff has failed to plead appropriate damages for breach of express warranty.

To state a claim for breach of express warranty under Cal. Com. Code § 2313, California courts require Plaintiff to allege: (1) an affirmation of fact or promise relating to the goods sold; (2) that the affirmation was part of the bargain; and (3) that the seller breached the warranty. McDonnell Douglas Corp. v. Thiokol Corp., 124 F.3d 1173, 1176 (9th Cir. 1997) (citing Keith v. Buchanan, 173 Cal. App. 3d 13, 19 (1985)). Plaintiff claims: (1) the Product made the affirmation that the plant sterols help block the cholesterol in the butter; (2) her purchase was in reliance on the promised benefit; and (3) scientific studies establish that the amount of plant sterols in one serving is insufficient to provide the stated benefit of blocking cholesterol absorption. Accordingly, Plaintiff has fulfilled the requirements necessary to state a claim for breach of express warranty.

Finally, Defendants argue that Plaintiff fails to plead the appropriate damages

because she asks for an amount equal to the price of the Product rather than an amount equal to the expected benefit of purchasing the more expensive Product. Defendants rely on <u>Aaronson v. Vital Pharm., Inc.</u>, 2010 WL 625337 (S.D. Cal. Feb. 17, 2010) where the court states that "[a] party seeking recovery for breach must first plead facts which support the basis for measuring damages, and then prove those damages at trial by any manner that is reasonable." <u>Id.</u> at *6. Here, Plaintiff alleges that had she known the Product would not perform as advertised, she would not have purchased the Product. Plaintiff has alleged that she suffered damage, and has pled facts which support a basis for measuring damages. The issue of the amount of damages Plaintiff can prove is not appropriate for resolution on a motion to dismiss. Therefore, Defendants' motion to dismiss for breach of express warranty is **DENIED**.

### IV.  <u>CONCLUSION</u>

For the reasons discussed above, the Court **DENIES** Defendants' motion to dismiss. Defendants shall file an answer to the First Amended Complaint within twenty (20) days of the entry of this Order.

**IT IS SO ORDERED.**
DATED: June 10, 2013

                                    _____
                                    BARRY TED MOSKOWITZ, Chief Judge
                                    United States District Court