UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AGUILAR, on behalf of herself and all others similarly situated,<br><br>                                              Plaintiff,<br><br>       v.<br><br>BOULDER BRANDS, INC., a Delaware Corporation (formerly known as Smart Balance, Inc.) and GFA BRANDS, INC., a Delaware Corporation,<br><br>                                              Defendant. | Civil No.    12-CV-1862-BTM (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**[ECF No. 69.]** |

## I.   INTRODUCTION

Currently before the Court is Plaintiff's motion to amend the Court's October 11, 2013 Scheduling Order. (ECF No. 69.) Plaintiff requests the Court vacate the fact discovery deadline until the District Judge rules on her pending Motion for Leave to Further Amend the Proposed Second Amended Complaint and to Substitute a New Proposed Class Representative. In the alternative, Plaintiff asks for a 60-day extension of the fact discovery deadline. (*Id.* at 5.) The current Scheduling Order requires all fact discovery to be completed by May 9, 2014. (ECF. No. 38.)

## II.   PROCEDURAL HISTORY

On November 8, 2013, Plaintiff filed a motion for leave to file a second amended complaint, which was taken under submission by the Honorable Barry Ted Moskowitz on

1

January 27, 2014. (ECF. No. 43.) On January 10, 2014, Plaintiff filed her Motion for Class Certification. (ECF No. 52.) Defendants filed a Motion to Stay Class Certification Proceedings and Class Discovery Pending Determination of Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 54.) On February 5, 2014, Judge Moskowitz granted Defendants' Motion to Stay Class Certification and Class Discovery and instructed Plaintiff to "seek a new hearing date and refile her motion to certify a class after the Court rules on her motion for leave to file a second amended complaint." (ECF No. 63.)

On February 6, 2014, Plaintiff filed a Motion for Leave to Further Amend the Proposed Second Amended Complaint and to Substitute a New Proposed Class Representative. (ECF No. 62.) The District Court took the Motion for Leave to Further Amend and to Substitute a New Proposed Class Representative under submission on March 7, 2014. (ECF No. 67.)

## III.  DISCUSSION

Plaintiff is requesting the court vacate the fact discovery deadline until after a decision on her pending motion to amend and to substitute a new proposed class representative. Plaintiff asserts that although the parties have been diligent, unforseen developments require a modification of the fact discovery deadline. Specifically, Plaintiff argues that after the October 11, 2013 Scheduling Order issued, she and her son suffered health issues which have caused her to seek to withdraw as class representative. Plaintiff argues it would be wasteful for the parties to continue with fact discovery when they do not know if a new class representative will be approved by the district court. Moreover, Plaintiff contends she should not be noticed for a deposition if the district court will ultimately allow a new class representative. Plaintiff also argues she would be prejudiced by having a limited time frame for merits discovery when there is no ruling yet on file from the district court as to the scope of the proposed class. Plaintiff urges the court to either vacate the current fact discovery deadline, or in the alternative, continue the deadline for 60 days to allow for the resolution of any issues that may arise in the event Plaintiff is granted leave to file an amended complaint and substitute a new class representative.

Defendants argue that while they have avidly pursued discovery, Plaintiff, however, has not been diligent in her pursuit of fact discovery. Specifically, they contend: (1) Plaintiff agreed

on December 17, 2013, to provide them with supplemental interrogatory responses before the end of 2013, but no supplemental responses have yet been provided; and (2) although Plaintiff's deposition was scheduled for January 29, 2014, she did not inform Defendants until January 21, 2014, that she intended to file a motion to withdraw from the case and no longer intended to appear for her deposition.[1]  Defendants also contend that they are poised to continue with the discovery deadlines currently in place and ask the Court to compel Plaintiff's deposition and supplemental document production.

     Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

     Defendants focus their opposition to Plaintiff's motion on Plaintiff's failures to respond to written discovery and to appear for deposition to demonstrate lack of diligence, however, Defendants' opposition brief also shines light on Defendants' own failure to bring these problems to the Court's attention in a timely and diligent fashion.  The Court's chambers rules require the parties to bring discovery disputes to the Court's attention after meeting and conferring in-person and within no more than 30 days after the dispute arises.  Parties that fail to meet this deadline are prohibited from filing a motion to compel unless good cause is shown. *See* Judge Skomal's Local Chambers Rules at http://www.casd.uscourts.gov/Rules.  Defendants attempt to explain their failure to comply with the Court's deadline for bringing discovery disputes by stating in a footnote that they did not preserve their right to bring a motion to compel because they believed the case to be moot.  The Court's chambers rules specifically alert the parties that "[c]ounsel may not stop conducting other discovery due to a dispute."  Regardless of

---

[1] Defendants contend Plaintiff's counsel knew on January 15, 2014, Ms. Aguilar no longer wished to serve as named plaintiff in this case.

Defendants' position as to whether a case or controversy exists in light of Plaintiff's desire to withdraw before class certification, they did not follow the Court's rules requiring a discovery dispute be brought to the Court's attention for adjudication or for preservation within 30 days of its inception. Good cause has not been shown by Defendants to compel Plaintiff's deposition or supplemental responses and their requests are **DENIED.**

As to Plaintiff's motion, the Court finds good cause to modify the Scheduling Order has been established. In her reply brief, Plaintiff underscores the argument that it would be a waste of the parties' resources to pursue merits-based discovery because the district court may deny Plaintiff's motion for leave to amend and to substitute a new class representative; and in the event of a denial, Plaintiff will have to request that the case be voluntarily dismissed and then file a new complaint on behalf of the proposed class representative, Elizabeth Mitchell. The Court agrees and finds: (1) the current fact discovery deadline cannot be reasonably met in light of the pending Motion for Leave to File Second Amended Complaint; and (2) is in keeping with Judge Moskowitz's Order Granting Defendant's Motion to Stay Class Certification. (*See* ECF No. 63.)

## IV. CONCLUSION

As explained above, the Court **GRANTS** Plaintiff's Motion for Amended Scheduling Order. The May 9, 2014 deadline for fact discovery is **HEREBY VACATED.** The parties are ordered to contact Judge Skomal's chambers at (619) 557-2993 within three (3) court days of receiving a ruling on Plaintiff's Motion for Leave to Further Amend the Second Amended Complaint in order to schedule a telephonic Status Conference regarding case management. The telephonic status conference presently scheduled for April 18, 2014 with Judge Skomal is **ALSO VACATED.**

**IT IS SO ORDERED.**

DATED: March 25, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court