# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MITCHELL, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BOULDER BRANDS, INC. (formerly known as SMART BALANCE, INC.), and GFA BRANDS, INC., <br><br> Defendants. | Case No. 3:12-cv-01862 BAS (BGS) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> **[ECF 82]** |

Presently before the Court is Defendants Boulder Brands, Inc. and GFA Brands, Inc.'s motion to dismiss the Second Amended Complaint ("SAC"). ECF 82. Plaintiff Elizabeth Mitchell opposed and Defendant replied. ECFs 83, 84. The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, Defendant's motion is **DENIED**. ECF 82.

## I. BACKGROUND

Defendants manufacture and sell three butter products that are fortified with plant sterols, which help the body prevent absorption of cholesterol. Pl.'s Opp'n 2; SAC ¶ 2, ECF 76. All three products state "HELPS BLOCK CHOLESTEROL" in large lettering, and "100mg of plant sterols" and "in the butter" in smaller lettering. SAC ¶¶ 1, 18–19. Plaintiff purchased one of the products, claiming the preceding statements led her to believe the product would block a "meaningful" amount of cholesterol in the butter. *Id.* at ¶ 12. Plaintiff claims the amount of plant sterols in the products is not enough to generate a "clinically meaningful cholesterol blocking effect." Pl.'s Opp'n 3.

## II. DISCUSSION

On September 2, 2014, Judge Barry Moskowitz granted Plaintiff's motion for leave to file the SAC, holding that permitting the proposed SAC would not be futile. Order 7, ECF 74. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)). Because Judge Moskowitz already determined that the SAC validly states a claim, the Court treats Defendants' Rule 12(b)(6) motion to dismiss as a motion for reconsideration.

Reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993). District courts have the inherent authority to

1  entertain motions for reconsideration of interlocutory orders.  *Amarel v. Connell*,
2  102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to
3  modification by the district judge at any time prior to final judgment."); *see also*
4  Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir.
5  1989).  To determine the merits of a request to reconsider an interlocutory order,
6  the court applies the standard required under a Rule 59(e) reconsideration motion.
7  *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003)
8  (Whelan, J.).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted).  Further, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *Id.*  It does not give parties a "second bite at the apple."  *See id.*  Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Defendants do not present newly discovered evidence or contend that there was an intervening change in the law. Defendants argue that Judge Moskowitz improperly relied on facts outside the four corners of the complaint and its attachments to determine the amendments would not be futile. Defs.' Reply 3. They also argue the Court committed clear error by "disregarding" *Cullen v.*

*Netflix*, 880 F. Supp. 2d 1017 (N.D. Cal. 2012). *Id.* at 5.

Judge Moskowitz found the products' labels could plausibly be read as implying a "clinically meaningful cholesterol blocking benefit[,]" and that this implied representation is "specific, measurable, and falsifiable." Order 5–7. In finding the representation measurable, Judge Moskowitz relied on an expert report. *Id.* The expert report stated that a minimum of 800mg of plant sterols, a far greater amount than the 100mg present in one serving of the products, is required to "meaningfully" block cholesterol. *Id.* Defendants argue Judge Moskowitz erred because the report was not attached to the SAC. Defs.' Reply 3. However, Plaintiff incorporated the material contents of the expert report in paragraphs 22–26 of the SAC. Defendant's argument is thus without merit.

In *Cullen*, the plaintiffs challenged Netflix officials' public statements that implied Netflix would "meaningfully" increase its closed-captioning of video content. *Cullen*, 880 F. Supp. 2d at 1020–21. There, the court found the officials' statements were made on a "vague and subjective" issue, and granted the motion to dismiss. *Id.* at 1027, 29. In contrast, the amount of plant sterols needed to "meaningfully" block cholesterol is a medical question capable of measurement. *See* SAC ¶ 22. *Cullen* is therefore distinguishable.

The balance of Defendants' brief merely restates their arguments against the motion for leave to amend without meeting any threshold requirement for Rule 59(e) reconsideration. Therefore the Court will not address the merits of those arguments. Accordingly, Defendants' motion to dismiss the Second Amended Complaint is **DENIED**. ECF 82.

**IT IS SO ORDERED.**

DATED: April 16, 2015

Hon. Cynthia Bashant
United States District Judge